**John Jay HOOKER, Plaintiff–Appellant,**

v.

**Don . SUNDQUIST; John Wilder; Jim Naifeh; Riley Anderson; Brook Thompson; Paul Summers; Torry Johnson, Defendants–Appellees.**

**Federal Election Commission, Defendant–Intervenor.**

No. 00–6580.

United States Court of Appeals, Sixth Circuit.

Sept. 25, 2001.

Before SILER and CLAY, Circuit Judges; GRAHAM, District Judge.*

John Jay Hooker appeals pro se from a district court judgment that dismissed his civil rights action filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Hooker alleged that contributions to political campaigns are not protected under the First Amendment and that all campaign contributions are unconstitutional. He also alleged that several statutes that regulated political contributions were unconstitutional. The district court adopted

a magistrate judge's recommendation and dismissed the case on October 18, 2000. Hooker's motion for reconsideration was denied, and he now appeals.

█ Hooker primarily argues that the district court should have certified his case to our court for en banc consideration. Questions regarding the constitutionality of the Presidential Election Campaign Fund Act may be referred to a panel of district court judges under 26 U.S.C. § 9011(b). Moreover, the district court may refer questions concerning the constitutionality of the Federal Election Campaign Act to the Court of Appeals for en banc consideration under 2 U.S.C. § 437h. However, the district court properly declined to refer Hooker's case to a panel or to certify his case to our court because he lacked standing to raise his claims. *See California Med. Ass'n v. Federal Election Comm'n,* 453 U.S. 182, 193 n. 14, 101 S.Ct. 2712, 69 L.Ed.2d 567 (1981).

█ The district court properly relied on the doctrine of collateral estoppel in dismissing this case, as Hooker had filed several prior actions regarding the constitutionality of campaign contributions which had been dismissed for lack of standing. *See Bills v. Aseltine,* 52 F.3d 596, 604 (6th Cir.1995). The court also made an independent and correct finding that Hooker lacked standing in the present case, as he did not allege a concrete and particularized injury that was distinct and personal to himself. *See United States v. Hays,* 515 U.S. 737, 743–44, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995). We have considered Hooker's arguments to the contrary, and they are all unavailing.

* The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(c), Rules of the Sixth Circuit.